UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRANDON ROYAL                                          CIVIL ACTION

VERSUS                                                 NO. 18-9281

MICHAEL ROMANO, ET AL.                                 SECTION "G" (2)

## REPORT AND RECOMMENDATION

Plaintiff, Brandon Royal, was a prisoner incarcerated in the Jefferson Parish Correctional Center ("JPCC") at the time he filed the captioned suit pursuant to 42 U.S.C. § 1983. He alleges that he was stopped without reasonable suspicion of criminal activity, subjected to excessive force without provocation, arrested without probable cause and falsely charged with "attempting to disarm a police officer, resisting police with force of violence and [two] counts of battery on a police officer . . . ." Record Doc. No. 1, at pp. 6-7. Plaintiff also alleges that while incarcerated in the JPCC he was subjected to "religious discrimination . . . for exercising [his] religion of rastafarian under the Nazarine Oath." Id. at p. 7. Plaintiff alleges that he was "penalized" for his religious belief that his hair should not be cut. Id. Plaintiff wants the defendant officers charged with aggravated battery, false imprisonment, and "malfeasance" and seeks monetary damages. Id. at p. 8.

Plaintiff's complaint was marked deficient by the Clerk's Office due to plaintiff's failure properly to sign his complaint, as required by Fed. R. Civ. P. 11(a) and Local Rule 11.1. By notice dated October 17, 2018, Record Doc. No. 3, plaintiff was instructed to

cure the deficiency in his complaint on or before November 7, 2018. The record indicates

that this notice was mailed to plaintiff at the JPCC address listed on his complaint. This

notice has been returned to the court as undeliverable. Record Doc. No. 6. No response

from plaintiff has been received.

All litigants are obligated to keep the court advised of any address change.  Local

Rules 11.1 and 41.3.1. In addition, the form Section 1983 complaint used by plaintiff

specifically provided: "I understand that if I am released or transferred, it is my

responsibility to keep the Court informed of my whereabouts and failure to do so may

result in this action being dismissed with prejudice." Record Doc. No. 1, at p. 5, ¶ VI (2).

Fed. R. Civ. P. 41(b) provides that a court may in its discretion dismiss any action

based on the failure of the plaintiff to prosecute or comply with any order of the court.

Hulsey v. Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d

1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas Cnty. Deputy Sheriff Abner, 813 F.2d

744, 749 (5th Cir. 1987).  Since the plaintiff in this case is in proper person, it is apparent

that this court must weigh his actions alone in considering dismissal of this action under

Rule 41(b).  A pro se litigant is not exempt from compliance with relevant rules of

procedural and substantive law.  Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981);

Edwards v. Harris Cnty. Sheriff's Ofc., 864 F. Supp. 633, 637 (S.D. Tex. 1994).  A pro

se litigant who fails to comply with procedural rules has the burden of establishing

excusable neglect, which is a strict standard requiring proof of more than mere ignorance.

- 2 -

Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.  "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." Lewis v. Hardy, 248 F. App'x 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007). Plaintiff has failed to do so.

In addition, Fed. R. Civ. P. 11(a) provides, in relevant part: "The court may strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Since plaintiff has been properly notified and given the opportunity to respond, the court may properly dismiss the complaint due to plaintiff's failure to comply with Rule 11.

In an effort to afford plaintiff one final opportunity to respond, I have issued this report and recommendation to the presiding United States District Judge. The Clerk has sent a notice of deficiency to plaintiff at the address he provided upon filing this lawsuit, JPCC, P.O. Box 388, Gretna, Louisiana 70054. That notice has been returned, marked as undeliverable. Record Doc. No. 6. Staff of this court contacted Jeffrey Martiny, counsel for defendants, and was advised that, according to JPCC records, plaintiff has been released, and his last known address is 1013 31st Street, Apartment 26, Kenner, Louisiana 70065. The Clerk is hereby directed to re-send the notice of deficiency, along with this report and recommendation, to Brandon Royal at his last known address. The

Clerk is also directed to add the foregoing address to the docket sheet for providing future notices to plaintiff.

Plaintiff is advised that he may object to the Magistrate Judge's recommendation within fourteen (14) days from the date of service of this report. The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to the plaintiff that his objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous notice. It is further suggested that the plaintiff should also provide the court with the signature necessary to cure the deficiency, as detailed above.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's report and recommendation may and probably will result in dismissal of plaintiff's suit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United

Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

## RECOMMENDATION

**IT IS RECOMMENDED** that, if plaintiff does not file written objections to this report and recommendation, the claims of Brandon Royal be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this _____3rd_____ day of December, 2018.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY ALL PARTIES AND:**

**BRANDON ROYAL
1013 31ST STREET
APT. 26
KENNER, LA 70065**

---

[1]Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.